1  Garrett Michael Goldup
2  4128 Wabash Ave., #15 San Diego, CA 9
3  858.345.0125
4  Plaintiff, Pro Se

**FILED**

Oct 08 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/ GloriaVocal      DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Garrett Michael Goldup,<br><br>Plaintiff,<br><br>vs.<br><br>The City of San Diego,<br><br>Defendant. | Case No.: **'24CV1764 CAB JLB**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>Judicial Officer:<br><br>Courtroom Number:<br><br>Date & Time of Hearing: |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
SECTION 504 OF THE REHABILITATION ACT, 42 U.S.C. § 1983
(VIOLATION OF EQUAL PROTECTION AND DUE PROCESS),
CALIFORNIA DISABLED PERSONS ACT (Cal. Civil Code § 54), UNRUH
CIVIL RIGHTS ACT (Cal. Civil Code § 51), NEGLIGENCE, INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

Page 1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Introduction**

1. Plaintiff Garrett Michael Goldup brings this action against Defendant, the City of San Diego, alleging repeated, intentional, and systemic violations of federal and state disability rights laws. The violations stem from the City's refusal to grant Plaintiff equal access to its public library system due to Plaintiff's use of a trained service animal.

2. Plaintiff asserts claims under Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, the California Disabled Persons Act (CDPA), and the Unruh Civil Rights Act. The City's actions represent deliberate and reckless disregard for Plaintiff's federally protected rights, constituting intentional discrimination, as defined by controlling case law.

3. Despite Plaintiff's good faith efforts to resolve the situation with the City of San Diego, the City failed to correct its behavior and adequately train its employees. As a result, Plaintiff seeks compensatory damages, punitive damages, and injunctive relief to prevent future harm to himself and similarly situated individuals.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Jurisdiction and Venue**

4. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343, including claims under Section 504 of the Rehabilitation Act and 42 U.S.C. § 1983.
5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts as the federal claims.
6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within the jurisdiction of the Southern District of California.

**Parties**

7. Plaintiff Garrett Michael Goldup is a resident of San Diego, California, and has a qualified disability as defined by the Rehabilitation Act. Plaintiff's disability substantially limits his mobility and ability to function independently in public spaces, and he relies on a trained medical service dog to assist with daily activities.
8. Defendant, the City of San Diego, is a municipal corporation responsible for the operation of public services, including the University Heights and Hillcrest branches of the San Diego Public Library. Defendant receives federal funding and is therefore subject to the requirements of Section 504 of the Rehabilitation Act.

Page 3
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**General Factual Allegations**

9. Plaintiff's service dog is trained to perform tasks directly related to Plaintiff's disability and his service dog meets the definition of a "service animal" under 28 C.F.R. § 35.104, which has been incorporated into the Rehabilitation Act by 29 U.S.C. § 794.
10. On November 1, 2021, Plaintiff attempted to enter the University Heights branch of the San Diego Public Library with his service dog. Upon entry, a security guard stopped Plaintiff and improperly demanded proof of certification for the service dog. This demand violated federal law, specifically 28 C.F.R. § 35.136(f), which prohibits such inquiries.
11. Plaintiff explained that the service dog was trained and certified in accordance with federal law, yet the security guard refused entry, directly violating Plaintiff's rights under Section 504 of the Rehabilitation Act. Similar conduct was found to violate the law in **Johnson v. Gambrinus Co./Spoetzl Brewery, 116 F.3d 1052 (5th Cir. 1997)**.
12. On November 9, 2021, Plaintiff again attempted to enter the University Heights branch, but was once again denied entry based on the same illegal pretext. Plaintiff also attempted to access the Hillcrest branch of the San Diego Public Library and was similarly denied entry.
13. Each of these denials, combined with the City's decision to suspend Plaintiff from all library services, constitutes a violation of the Rehabilitation Act, the California Disabled Persons Act, and the Unruh Civil Rights Act.
14. Despite Plaintiff's efforts to resolve these violations, including multiple complaints to library staff and city officials, the City failed to lift the suspension or provide any corrective measures, displaying a pattern of deliberate indifference. This pattern parallels the intentional discrimination described in **Pierce v. County of Orange, 526 F.3d 1190 (9th Cir. 2008)**.

Page 4
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

15. Plaintiff's exclusion from essential public services has caused significant emotional distress, economic harm, and a deprivation of educational resources and community participation, similar to the harms recognized in **Mark H. v. Lemahieu, 513 F.3d 922 (9th Cir. 2008)**.

**Cause of Action 1: Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**

16. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

17. Section 504 of the Rehabilitation Act prohibits discrimination against individuals with disabilities by programs or activities receiving federal financial assistance. As a recipient of such assistance, Defendant is required to provide reasonable accommodations to individuals with disabilities and ensure they are not denied access based on their disabilities.

18. Defendant violated Section 504 by refusing to allow Plaintiff access to the public library services, despite Plaintiff's reliance on a trained service dog. Defendant's actions constitute intentional discrimination, as outlined in **Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002)**.

19. As a direct and proximate result of these violations, Plaintiff has suffered significant emotional distress, economic harm, and a loss of access to essential public services. Under **Barnes v. Gorman, 536 U.S. 181 (2002)**, Plaintiff is entitled to compensatory and punitive damages for these intentional acts of discrimination.

**Cause of Action 2: 42 U.S.C. § 1983 (Violation of Fourteenth Amendment Rights – Equal Protection and Due Process)**

20. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

21. Defendant, acting under color of state law, violated Plaintiff's constitutional rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment by treating Plaintiff differently due to his disability without any legitimate governmental interest.

22. The City's arbitrary refusal to allow Plaintiff to enter public libraries and its decision to suspend him from all libraries without providing procedural due process is a violation of **City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432 (1985)** and **Goss v. Lopez, 419 U.S. 565 (1975)**.

23. The City's failure to adequately train its employees on disability rights laws, resulting in this constitutional violation, demonstrates reckless indifference, as outlined in **City of Canton v. Harris, 489 U.S. 378 (1989)**.

24. As a direct result of these violations, Plaintiff has suffered emotional distress, humiliation, and economic loss.


Page 6

## Cause of Action 3: California Disabled Persons Act (Cal. Civil Code § 54)

25. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

26. The California Disabled Persons Act guarantees individuals with disabilities full and equal access to public services and accommodations, including services provided by government entities. Defendant's denial of access to Plaintiff on account of his disability and the use of a service dog constitutes a clear violation of the CDPA.

27. In **Donald v. Café Royale, Inc., 218 Cal. App. 3d 168 (1990)**, the court found that denial of access to public accommodations for individuals with disabilities is actionable under the CDPA. Defendant's conduct mirrors the discrimination prohibited by this statute.

28. As a result of Defendant's violations of the CDPA, Plaintiff seeks statutory damages and injunctive relief to prevent further harm.

## Cause of Action 4: Unruh Civil Rights Act (Cal. Civil Code § 51)

29. Plaintiff re-alleges all preceding paragraphs as though fully set forth herein.

30. The Unruh Civil Rights Act provides that all persons in California are entitled to full and equal accommodations and services in all business establishments, including those operated by government entities. Discrimination based on disability is a clear violation of this statute.

31. Defendant's conduct, as outlined above, constitutes intentional discrimination under the Unruh Act, entitling Plaintiff to statutory damages and injunctive relief.

Page 7

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## Conclusion

32. Defendant City of San Diego engaged in repeated and deliberate violations of federal and state disability laws, causing significant harm to Plaintiff. Despite multiple opportunities to rectify these violations, the City failed to take corrective action, demonstrating deliberate indifference to Plaintiff's rights.

33. Plaintiff has suffered emotional distress, economic harm, and a deprivation of essential public services. Without judicial intervention, Plaintiff and similarly situated individuals will continue to face discriminatory treatment.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages in an amount to be determined at trial;
2. For punitive damages to punish Defendant for its reckless indifference and intentional misconduct;
3. For statutory damages as provided under California Civil Code §§ 52 and 54.3;
4. For injunctive relief to require the City of San Diego to implement appropriate policies, training, and procedures to ensure compliance with federal and state disability laws, including but not limited to the proper treatment of individuals with service animals and the cessation of discriminatory practices in public library services;
5. For declaratory relief stating that Defendant's conduct violated Plaintiff's rights under the Rehabilitation Act, 42 U.S.C. § 1983, the California Disabled Persons Act, and the Unruh Civil Rights Act;
6. For reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988, California Civil Code § 52, and other applicable laws;


Page 8

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

7. For pre-judgment and post-judgment interest on all amounts awarded as allowed by law; and
8. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 4, 2024

Respectfully submitted,



**Garrett Michael Goldup**
**Plaintiff, Pro Se**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF