UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT MICHAEL GOLDUP,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>THE CITY OF SAN DIEGO,<br><br>　　　　　　　　　　　Defendant. | Case No.: 24-cv-1764-RSH-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS**<br><br>[ECF Nos. 8, 11, 13, 14, 15, 16, 17, 18] |

Pending before the Court is a motion to dismiss by defendant City of San Diego (the "City" or "Defendant"), directed to the Complaint filed by plaintiff Garrett Michael Goldup. ECF No. 8. On March 20, 2025, the Court held a hearing on the motion. ECF No. 26. Also pending are numerous motions filed by Plaintiff. ECF Nos. 11, 13, 14, 15, 16, 17, 18. As set forth below, Defendant's motion to dismiss is granted, and Plaintiff's motions are denied.

**I.　BACKGROUND**

　　**A.　This Lawsuit**

On October 8, 2024, Plaintiff, proceeding pro se, filed his Complaint in this action along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. The Court

1

granted Plaintiff leave to proceed IFP, and directed the U.S. Marshals Service to effectuate service of process. ECF No. 3. Plaintiff thereafter filed a motion for leave to file electronically, ECF No. 5, which the Court granted, ECF No. 7.

The Complaint alleges that Plaintiff has a disability that limits his mobility, and that he relies on a service dog to assist him with daily activities. ECF No. 1 ("Compl.") ¶ 7. On three occasions, he attempted to enter a branch of the San Diego Public Library with his service dog, but the security guard "improperly demanded proof of certification for the service dog," and after Plaintiff declined to provide such proof, denied admittance to Plaintiff.[1] *Id.* ¶¶ 9-12. Plaintiff also alleges that he has been suspended from library services. *Id.* ¶ 13. He brings claims for violations of: (1) Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (2) Plaintiff's Fourteenth Amendment rights to equal protection and due process, pursuant to 42 U.S.C. § 1983; (3) the California Disabled Persons Act, Cal. Civ. Code § 54; and (4) the Unruh Civil Rights Act, Cal. Civ. Code § 51.

On November 26, 2024, Defendant filed its motion to dismiss. ECF No. 8.

Plaintiff did not file a timely opposition. On December 20, 2024, the Court sua sponte provided Plaintiff until January 10, 2025 to oppose. ECF No. 9. Plaintiff thereafter filed an opposition, and Defendant filed a reply brief. ECF Nos. 10, 25.

On March 20, 2025, the Court held a hearing on the motion to dismiss, at Plaintiff's request. ECF Nos. 10 at 1 (requesting hearing), 26 (minutes of hearing). At the hearing, following questions about what had occurred during an earlier small claims court trial, the Court invited the Parties to submit supplemental evidence, in the form of declarations or other supporting documents, regarding that earlier trial. ECF No. 26. Supplemental evidence was due on or before March 27, 2025. *Id.* Thereafter, Defendant timely filed a

---

[1] The three occasions were: (1) on November 1, 2021, at the University Heights library branch; (2) on November 9, 2021, at the same branch; and (3) a third occasion (undated) at the Hillcrest library branch. Compl. ¶¶ 10, 12.

supplemental declaration. ECF No. 27. After the deadline, Plaintiff requested an extension of time to submit evidence. ECF No. 28. The Court granted the request and allowed Plaintiff to submit such evidence no later than April 10, 2025. ECF No. 29. Plaintiff did not submit anything further.

### B. The State Case

This is Plaintiff's third lawsuit against the City alleging disability discrimination based on refusing to admit Plaintiff, accompanied by his service dog, to public library branches on the same occasions. The first lawsuit was *Goldup v. City of San Diego*, Case No. 23SC05163C, filed in San Diego Superior Court's Small Claims unit on November 21, 2023 (the "State Case"). ECF No. 8-5.[2] In the State Case, Plaintiff brought a claim against the City of San Diego for violating Titles II and III of the Americans with Disabilities Act ("ADA"). Plaintiff's complaint in the State Case sought damages in the amount of $10,000, the maximum allowable in Small Claims Court at the time.

Although Plaintiff's complaint in the State Case lacked specificity, in advance of trial he filed a statement outlining his position for trial. ECF No. 8-9. That statement explained that on November 1, 2021, he arrived at the University Heights branch of the San Diego Public Library accompanied by his service dog. *Id.* at 2. The guard questioned Plaintiff about his service dog, leading to an exchange, during which Plaintiff was prevented from entering the library. *Id.* at 2-3. Plaintiff alleged that the guard asked Plaintiff questions about the service dog that Plaintiff was uncomfortable answering and that he was not obligated to answer. *Id.* at 2-3, 5. The parties disputed the nature of Plaintiff's conduct during the exchange with the guard. *Id.* at 4. Plaintiff's statement also referred to a second attempt to enter the library on November 9, 2021, followed by a third

//

---

[2] The Court takes judicial notice of the court filings in the State Case, attached as exhibits to Defendant's motion to dismiss.

1  attempt at the Hillcrest branch. *Id.* Plaintiff further alleged that he had been suspended from entering the library. *Id.* at 4-5.

The Register of Actions in the State Case reflects that the case proceeded to trial on February 15, 2024. ECF No. 8-10. On February 20, 2024, the court entered judgment for the City. *Id.* The Notice of Entry of Judgment, dated February 28, 2024, determined that "Defendant does not owe plaintiff any money on plaintiff's claims." ECF No. 8-6.

### C. The Prior Federal Case

On March 28, 2024—approximately one month after entry of judgment in the State Case—Plaintiff filed suit in this Court in *Goldup v. City of San Diego*, No. 24-cv-602-RSH-AHG (the "Prior Federal Case"). His Amended Complaint, filed on May 1, 2024, brought a single claim under Title II of the Americans with Disabilities Act of 1990 ("ADA"). Prior Federal Case, ECF No. 4. Plaintiff's pleading alleged that he is a person with a qualified disability; on three occasions in 2021 and 2022, he attempted to enter a branch of the San Diego Public Library accompanied by a trained medical service dog, but was unlawfully denied access; the incidents occurred at the University Heights and Hillcrest branches; and as a result of those incidents, he has been suspended from entering any San Diego Public Library location. *Id.*

The City thereafter moved to dismiss. *Id.* at 21. On September 12, 2024, the Court granted the motion and dismissed Plaintiff's operative pleading on grounds of res judicata. *Id.* at 24. The Court denied leave to amend, and judgment was entered the same day. *Id.* at 25. Plaintiff filed his current lawsuit within a month thereafter.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum,

a complaint must allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Pro se complaints are "held to a less stringent standard than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, a pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## III. ANALYSIS

Defendant argues that this action is barred by the doctrine of res judicata, based on the State Case. "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute." *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). That statute provides that a state's judicial proceedings "have the same full faith and credit in every court within the

United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. To decide whether preclusion applies in a federal case, a federal court looks to the preclusion law of the state in which the state court judgment was rendered. *Marrese*, 470 U.S. at 380. Because the State Case took place in California Superior Court, this Court looks to California law to determine whether claim preclusion applies here.

Under California law, the doctrine of claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). There are three elements: (1) the claim raised in the present action must be "identical to a claim or issue litigated in a prior proceeding"; (2) the prior proceeding must have resulted in a "final judgment on the merits"; and (3) the parties in the two proceedings must be the same or in privity. *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). "Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Mycogen Corp.*, 28 Cal. 4th at 897 (internal quotation marks and citation omitted).

### 1. *Identical Claims*

To determine whether the first element is met, California uses the "primary right theory." *Mycogen Corp.*, 28 Cal. 4th at 904. Under this theory, "a 'cause of action' . . . comprise[s] . . . a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Id.* (quoting *Crowley v. Katleman*, 8 Cal. 4th 666, 681–82 (1994)). There is only one cause of action for the violation of a given primary right, "regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken*, 48 Cal. 4th at 798. In *Boeken*, for example, the California Supreme Court determined that the primary right was the right to not be wrongfully deprived of spousal companionship, the primary duty was to not wrongfully deprive the plaintiff of her spouse's companionship, and the wrongful act

6

was the defendant's wrongful inducement of plaintiff's husband to smoke cigarettes. *Id.* The plaintiff there, having brought a first case based on a theory of loss of consortium, could not bring a second case under a different legal theory (wrongful death) for the violation of the same primary right. *Id.*

Here, this lawsuit and the State Case both involve the same cause of action, primary right, and primary duty. Both lawsuits are brought on a theory of disability discrimination. Both lawsuits allege the infringement of Plaintiff's right to enter branches of the San Diego Public Library with his service dog, as well as his right not to be excluded due to those incidents. Both lawsuits seek the same remedy of money damages. Both lawsuits involve the same three incidents, at the same two library branches, during the same period of time.

This element of res judicata is satisfied.

### 2. *Final Judgment on the Merits*

In order for claim preclusion to apply, the prior decision must have been on the merits. *Boeken*, 48 Cal. 4th at 797. The California Court of Appeal has stated that "[i]t is well established that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments." *Pitzen v. Super. Ct.*, 120 Cal. App. 4th 1374, 1381 (Ct. App. 2004). "The judgment of the small claims court bars a subsequent proceeding on the same cause of action." *Allstate Inc. Co. v. Mel Rapton, Inc.*, 77 Cal. App. 4th 901, 914 (Ct. App. 2000). Indeed, "a judgment of any court whether of high or low jurisdiction, and of record or not, constitutes a complete bar against a second suit on the same cause of action." *Sanderson v. Niemann*, 17 Cal.2d 563, 573 (1941).

Here, the Parties agree that the state court called the matter for trial on February 15, 2024. Two days in advance of the trial date, Plaintiff filed with the court a six-page statement that addressed his position on the facts in dispute and attached evidence. ECF

No. 8-9.³ According to the Declaration submitted by the City, executed by the employee who had represented the City at that trial, at that hearing: (1) Plaintiff presented his claim; (2) the City argued its position on the merits of that claim; and (3) the City raised all potential affirmative defenses, including among others lack of jurisdiction. ECF No. 27 ¶ 9. The minutes from the trial state that a "small claims court trial" was "heard," that "[t]he Court hears from all parties on the issues before the Court," and that the "Court takes this matter under submission." *Id*. Ex. A. Judgment was entered five days later, on February 20, 2024. ECF No. 8-6. The judgment states: "Defendant does not owe plaintiff any money on plaintiff's claims." *Id.*

Plaintiff argued at the hearing on the pending motion that the small claims court had not ruled on the merits of Plaintiff's claim, but instead had dismissed the case for lack of subject matter jurisdiction. However, this conclusion is not supported by the evidence in the record, which instead establishes that the small claims court in fact adjudicated Plaintiff's claims and determined that "Defendant does not owe Plaintiff any money," rather than dismissing the case for lack of jurisdiction. *See also Joyce v. Bassir*, No. G057169, 2020 WL 1982235, at *4 (Ct. App. Apr. 27, 2020) (unpublished) (rejecting the plaintiff's argument that claim preclusion was inapplicable because small claims court did not address merits of claim as "belied by the record, which shows [the plaintiff] alleged malpractice and breach of contract claims against defendants, a trial was held on these claims, and judgment was entered following trial. While [the plaintiff] generally complains of the summary nature of small claims court, she accepted these procedural limitations when she filed her action there"); *Buycks v. Schneider*, No. B223857, 2011 WL 2936805, at *4 (Ct. App. July 19, 2011) (unpublished) ("[T]he small claims action resulted in a final

---

³     Although the version of this document submitted by Defendant is not file-stamped, at the hearing on the motion to dismiss Plaintiff agreed that he filed this document with the state court in advance of trial.

judgment on the merits. The small claims court rendered judgments in favor of defendants after conducting a trial."). This element is satisfied as well.

### 3. *Same Parties or Parties in Privity*

Finally, claim preclusion applies only where the parties in each case are identical or in privity with each other. *Mycogen Corp.*, 28 Cal. 4th at 896. Here, both this lawsuit and the State Case involve identical parties. This element is satisfied.

Because all three elements of res judicata are satisfied, the Court grants Defendant's motion to dismiss and dismisses the action without leave to amend. *See Glaude v. Deutsche Bank*, No. 23-cv-5429-RS, 2024 WL 664806, at *4 (N.D. Cal. Feb. 16, 2024) (claims "must be dismissed without leave to amend, as res judicata would render any amendment futile"); *Prezio v. Bank of Am. Corp.*, No. 14-cv-2778-CBM, 2015 WL 12745800, at *5 (C.D. Cal. Mar. 12, 2015) ("Because the Court resolves the instant action on res judicata grounds, Plaintiff's … claim is dismissed without leave to amend.").

Accordingly, the Court grants Defendant's motion to dismiss based on res judicata.[4]

## IV.  PLAINTIFF'S MOTIONS

Also pending before this Court are numerous motions filed by Plaintiff, each of them filed after the initial due date for Plaintiff's opposition to the motion to dismiss. These include motions: (1) for appointment of counsel, ECF No. 11; (2) to introduce additional legal theories, EF No. 13; (3) to amend the complaint, ECF No. 14; (4) for relief from judgment, ECF No. 15; (5) to sever and distinguish from the Prior Federal Case, ECF No. 16; (6) to strike affirmative defenses, ECF No. 17; and (7) for a preliminary injunction, ECF No. 18. The Court has reviewed each of these filings. None of the motions bears on the Court's conclusion, as set forth above, that Plaintiff's lawsuit is again subject to dismissal based on res judicata. Each of the motions is cursory, conclusory, and lacks merit.

---

[4]  The Court does not reach Defendant's alternative arguments for dismissal.

Accordingly, Plaintiff's motions are denied.

## V. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 8) and **DISMISSES** the action without leave to amend. Plaintiff's motions (ECF Nos. 11, 13, 14, 15, 16, 17, 18) are **DENIED**.

**IT IS SO ORDERED.**

Dated: April 14, 2025

_____
Hon. Robert S. Huie
United States District Judge